UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CRAIG ALLAN WILLIAMS, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Civil Action No. 08-0971 (ESH) |
| R. MARTINEZ, Warden, et. al., | ) ) ) |
| Respondents. | ) ) |

**MEMORANDUM OPINION**

Petitioner is a prisoner under sentence imposed by the Superior Court for the District of Columbia in 1990 following a jury trial who is confined at the Allenwood United States Penitentiary in White Deer, Pennsylvania. Petitioner filed a habeas petition to challenge his Superior Court conviction and sentence.[1] Specifically, he contends that he was denied due process and effective assistance of counsel on his first direct appeal because his appointed counsel failed to argue (1) that trial counsel had been ineffective in cross-examining a particular critical witness, (2) that the trial court had been plainly wrong when it determined in an evidentiary hearing held under D.C. Code § 23-110 that certain guest house records would not have helped petitioner's criminal defense, and (3) that the government had knowingly permitted false or misleading evidence to go uncorrected before the trial jury. The petition will be dismissed for lack of jurisdiction.

---

[1] Petitioner styled the habeas petition as one under 28 U.S.C. § 2241 and § 2254 and filed it in the Middle District of Pennsylvania, which transferred it to this court under 28 U.S.C. § 1404(a).

Collateral challenges to sentences imposed by the Superior Court must be brought in that court under D.C. Code § 23-110.  See Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (§ 23-110 is exclusive remedy for such challenges).  Here, petitioner has already availed himself of a motion under § 23-110, which, after an evidentiary hearing, was denied.[2]  "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion [under § 23-110] shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  D.C. Code § 23-110(g).  Unlike other prisoners convicted in state courts or those convicted in a United States District Court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention."  Garris v. Lindsay, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); see Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.")

Generally,"[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus."  Saleh v. Braxton, 788 F. Supp. 1232 (D.D.C. 1992); accord Blair-Bey v. Quick, 151 F.3d at 1042 (describing § 23-110 remedy as "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence.").

In determining whether the local remedy is 'inadequate or ineffective,' we are guided by judicial interpretations of the statutory provisions enabling federal

---

[2] Furthermore, as the habeas petition attests, the same issues raised in this petition were previously raised and considered in his collateral or direct challenges to his conviction, or one or more of the multiple appeals he has taken therefrom.

prisoners to challenge their convictions. The federal and local statutes are nearly identical in language, and functionally they are equivalent. The remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners, and both remedies are commensurate with habeas corpus. That judges of the Superior Court do not have the tenure and salary protection afforded federal judges does not call for a different conclusion. "[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases."

Garris v. Lindsay, 794 F.2d at 726 (quoting Swain v. Pressley, 430 U.S. 372, 382-83 (1977)) (footnotes omitted). The mere denial of relief by the local courts does not render the local remedy inadequate or ineffective. See id. at 727; Charles v. Chandler, 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases); Wilson v. Office of the Chairperson, 892 F. Supp. 277, 280 (D.D.C. 1995).

Petitioner has been denied relief under § 23-110. He has not claimed, and it does not appear, that a motion under § 23-110 is inadequate or ineffective to test the legality of his conviction and detention. Therefore, his habeas petition before this court must be dismissed for lack of jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

                                                              /s/
                                       ELLEN SEGAL HUVELLE
                                       United States District Judge

Date: June 18, 2008