UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CRAIG ALLAN WILLIAMS,** | ) | |
| | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|     v. | ) | Civil Action No. 08-971 (ESH) |
| | ) | |
| **R. MARTINEZ et al.,** | ) | |
| | ) | |
|     **Respondents.** | ) | |

## MEMORANDUM OPINION AND ORDER

This application for a writ of habeas corpus has been remanded to this court with instructions to "consider the merits component of the COA [Certificate of Appealability] question, an evaluation that the court should undertake in light of the standard set forth in 28 U.S.C. § 2254." *Williams v. Martinez,* 586 F.3d 995, 1002 (D.C. Cir. 2009). Because "'an overview of the claims in the habeas petition and a general assessment of their merits,'" *id.* at 1001 (quoting *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003), leads to the conclusion that "all reasonable jurists would conclude that the habeas statute bars relief," *id.* at 1002 (citing *Miller-El,* 537 U.S. at 349-50) (Scalia, J., concurring), this court will decline to issue a certificate of appealability.

### BACKGROUND

Petitioner Craig Allan Williams was convicted in 1990 by a District of Columbia Superior Court jury, and sentenced to serve one year for a firearms violation and 20 years to life for first degree murder. Pet. at 1. After his direct criminal appeal and multiple state collateral challenges and appeals therefrom, Williams filed a federal habeas petition asserting two claims. *See id.* at 2-21; *Williams,* 586 F.3d at 997. Relying on D.C. Code § 23-110(g), this court

dismissed Williams' petition for lack of jurisdiction, without reaching the merits of his claims. *Williams v. Martinez,* 559 F. Supp. 2d 56 (D.D.C. 2008). Williams appealed. The Circuit Court reversed this court's decision, ruling that D.C. Code § 23-110(g) did not deprive this court of jurisdiction over one of Williams' claims -- a claim for ineffective assistance of appellate counsel on his first direct criminal appeal of right. *Williams v. Martinez,* 586 F.3d 995, 1001 (D.C. Cir. 2009) (identifying "Ground two" as containing a cognizable claim on federal habeas review); *see also* 28 U.S.C. § 2254(i) (disallowing federal habeas relief for claims of ineffective assistance of counsel during collateral post-conviction proceedings). Accordingly, the Circuit Court remanded the case with instructions to "consider the merits component of the COA question, an evaluation that the court should undertake in light of the standard set forth in 28 U.S.C. § 2254." *Id.*

## DISCUSSION

### *Williams' Claim of Ineffective Assistance of Appellate Counsel*

Williams alleges that his counsel on direct criminal appeal was ineffective because he failed "to argue that the government violated [Williams'] right to due process when it knowingly permitted false or misleading evidence to go uncorrected before the trier of fact." Pet. at 19.5 ("Ground two"). The allegedly false or misleading evidence that the government allowed "to go uncorrected" is the testimony from Sandra Plummer, the government's key witness, which Williams claims is at odds with certain receipts from the Parkway Guest House from October 23 and 24, 1988.

Plummer testified to many things. A witness to the shooting, she identified Williams as the shooter. She also provided testimony about events before and after the shooting. Among

other things, she testified that after the murder on October 22, 1988, she, Williams and another person checked into a Days Inn Hotel that same day. App. to Pet. at 168-69, 175.[1]  The next morning, at around 7 a.m. on October 23, the three of them left Days Inn after Williams paid the hotel bill.  *Id.*  A short time later that same morning, she and Williams checked into the Parkway Guest House together.  *Id.* at 175-78.  At trial, Plummer responded to the prosecutor's questions as follows:

> Q. How long were you at that guest house on the 23rd?
>
> A. Into the morning Monday, the 24th.
>
> Q. And what did you do on the 23rd at the guest house?
>
> A. We slept practically all day.
>
> Q. On the morning of the 24th, did you go anywhere with Mr. Williams?
>
> A. Yes.

*Id.* at 178.

Twenty-one Parkway Guest House receipts from the night of October 23, 1988, were entered into evidence at trial as Government's Exhibit 35.  *Id.* at 13-19, 177.  One receipt, filled out in Williams' handwriting and signed by him, shows that Williams checked into Room 4 at

---

[1] To avoid confusion, the page references to the appendix to the petition correspond to the electronically-generated numbers on the district court's electronic docket.  The page references to the petition correspond to the page numbers applied by the petitioner.

The Days Inn Hotel receipt does not unequivocally corroborate Plummer's testimony. The receipt is dated October 23, not October 22.  Plummer testified that the date on the Days Inn Hotel receipt was inaccurate.  The Days Inn Hotel receipt was entered into evidence at trial as Government's Exhibit 34.  *Id.*  Williams does not raise any issues regarding Plummer's testimony relating to staying at the Days Inn Hotel.

7:30 a.m. and checked out at 3:30 -- whether it was 3:30 p.m. the same day or 3:30 a.m. the next day is unclear; it is only clear that it has been over-written. *Id.* at 15. That receipt bears the date of October 24, a date that everyone agrees is an error at least with respect to the date he checked in; the receipt should have been dated October 23 at check-in. *Id.* at 15, 177. Another receipt shows that a Mr. and Mrs. Davis checked into Room 4 at 8:45 p.m. on October 23 and checked out two hours later, at 10:45 p.m. *Id.* at 18. Still another receipt shows that Plummer checked into Room 4 at 11 p.m. on October 23 and checked out the next day, October 24, at 8 a.m. *Id.*

It is undeniable that the Guest House receipts do not offer unequivocal corroboration for Plummer's testimony. If the records are accurate -- and it is undisputed that not all of them are accurate -- it is hard to reconcile the inference that the Davises rented Room 4 for two hours the night of October 23 with Plummer's testimony that at least she, and perhaps Williams, occupied Room 4 for the entire evening. Williams argues that these receipts "raise a significant issue that Ms. Plummer presented false testimony on the Guest House stay" and show that the government violated his constitutional rights during trial by allowing Plummer's inconsistent testimony to go "uncorrected before the trier of fact." *Id.* at 19.5, 21. He faults his appellate counsel for failing to raise this issue on appeal. *Id.* at 19.5.

*Certificate of Appealability*

"'The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits.'" *Williams,* 586 F.3d at 1001 (quoting (quoting *Miller-El,* 537 U.S. at 336). This assessment should be undertaken "in light of the standard set forth in 28 U.S.C. § 2254." *Id.* at 1002. Where, as here, a state court has adjudicated a claim on its merits, a federal writ of habeas corpus may be issued only if the

petitioner can show that the state court's decision on his claim either was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Appellate counsel's performance is measured against the same constitutional standard as that applied to trial counsel's performance. *See Smith v. Robbins,* 528 U.S. 259, 289 (2000). A court begins with the strong presumption that "counsel's conduct falls within the range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689 (1984). A criminal appellant does not have a constitutional right to have his appellate counsel raise every non-frivolous issue that he requests. *Jones v. Barnes,* 463 U.S. 745, 754 n.7 (1983). To show ineffective assistance of appellate counsel, Williams must show that his appellate counsel's performance was (1) deficient and (2) prejudiced his defense such that there was "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. A "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Id.* at 669.

Williams' claim of ineffective assistance of counsel on direct appeal falls far short of the *Strickland* standard. As a threshold matter, the argument Williams wanted counsel to raise on appeal is constructed on one false premise underlying a second false premise. First, Williams posits that Plummer testified that "she was at the Guest House with [Williams] when he

registered and that they were together continuously until morning." Pet. at 21.  This is not accurate.  The trial transcript demonstrates unequivocally that Plummer did not testify that she and Williams were together continuously.  While Plummer's testimony is capable of yielding that inference, the inference is not compelled.  Indeed, the testimony does not rule out that Williams left at some point and returned later to leave with her in the morning of October 24. Sleeping from 7:30 in the morning until 3:30 -- whether 3:30 p.m. the same day or 3:30 a.m. the following day -- may be fairly characterized as sleeping "practically all day."  Questions about "you," unless otherwise specified, may be reasonably interpreted as indicating either the singular or the plural, and answered accordingly.  The questions posed did not require Plummer to account for all of Williams' time between the morning of October 23 and the morning of October 24.  The nature of the questions and answers do not compel the construction of Plummer's testimony that is necessary to Williams' claim.

      Williams compounds this first faulty premise with a second.  He argues that in light of the Guest House receipts, the prosecutor engaged in misconduct by letting Plummer's testimony stand.  *Id.* at 21.  This is also inaccurate.  There is nothing in this record to show that the prosecutor engaged in any misconduct in eliciting the testimony from Plummer that he did.  This record shows only that the Plummer's testimony may be slightly discrepant with what the Guest House receipts show, that the Guest House receipts did not unerringly reflect the facts, and that the Guest House receipts were entered into evidence by the government.

      A general assessment of the merit of Williams' claim leads to the conclusion that he has not shown that his counsel rendered constitutionally deficient performance by not raising on appeal the argument Williams proposes in "Ground two" of his petition.  *See* Pet. at 19.5-21.

Moreover, Williams has not shown that if counsel had raised this argument on appeal, there is "a reasonable probability that . . . the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  Thus, Williams has not shown that the District of Columbia Court of Appeals' treatment of his claim of ineffective assistance of appellate counsel was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

## CONCLUSION AND ORDER

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A "substantial showing of the denial of a constitutional right" includes "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).  Judged by this standard, Williams has not made a substantial showing that he was denied effective assistance of counsel on appeal.  Additionally, evaluated in light of the standards set forth in 28 U.S.C. § 2254(d), this court concludes that "all reasonable jurists would conclude that the habeas statute bars relief." *Williams,* 586 F.3d at 1002 (citing *Miller-El,* 537 U.S. at 349-50 (Scalia, J., concurring)).  Accordingly, it is hereby

ORDERED that the Certificate of Appealability is **DENIED**.

                                                      /s/
                                    ELLEN SEGAL HUVELLE
                                    United States District Judge

Date:  February 9, 2010